# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SAMANTHA A. DUNFEE, and
CHRISTINA M. DUNFEE,
Administrators of the Estate of
CARL T. DUNFEE

      Plaintiffs,

      v.

KGL HOLDINGS RIVERFRONT, LLC
d/b/a EVERGREEN APARTMENTS AT
RIVERFRONT HEIGHTS, a Delaware
limited liability company, EVERGREEN
PROPERTIES MANAGEMENT, INC., a
Delaware corporation, EVERGREEN
APARTMENT GROUP, INC., a
Delaware corporation, ANTHONY
FRAGLE, CONTINENTAL CASUALTY
COMPANY, a foreign corporation,
VILLAGE OF WINDHOEVER, LLC, a
Delaware limited liability company, and
GLOBAL REALTY SERVICES GROUP,
LLC, a/k/a GRS GROUP / CORTEQ, a
Foreign corporation

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N16C-04-108 RRC
CONSOLIDATED

Submitted: September 28, 2018
Decided: October 30, 2018

On Defendant/Third-Party Plaintiffs KGL Holdings Riverfront, LLC, et al.'s
Motion to Strike Defendant Global Realty Services Group, LLC's Motion to
Dismiss. **GRANTED**.

# ORDER

Gary S. Nitsche, Esquire, Weik Nitsche & Dougherty, Wilmington, Delaware, Attorney for Plaintiffs.

Mary E. Sherlock, Esquire, and Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Dover, Delaware, Attorneys for Defendants/Third-Party Plaintiffs Evergreen Apartment Group, Inc., Evergreen Properties Management, Inc., and KGL Holdings.

Michael J. Logullo, Esquire, Rawle & Henderson LLP, Wilmington, Delaware, Attorney for Defendant Global Realty Services Group, LLC.


COOCH, R.J.

This 30th day of October, 2018, upon consideration of KGL Holdings Riverfront, LLC's ("KGL") Motion to Strike Defendant Global Realty Services Group, LLC's ("Global") Second Motion to Dismiss, it appears to the Court that:

1. Global filed a Motion to Dismiss pursuant to Superior Court Rule of Civil Procedure 12(b)(2) on September 8, 2017. This Court denied Global's Motion on November 29, 2017. Global subsequently filed a Motion for Reargument which was also denied on January 12, 2018. Pursuant to Rule 12(a), Global had ten days to file an answer. Instead, Global filed a Second Motion to Dismiss pursuant to Rule 12(b)(6) on February 2, 2018. In response to Global's Second Motion to Dismiss, KGL filed a Motion to Strike Global's Second Motion to Dismiss on February 25, 2018.

2. In its original Motion to Dismiss pursuant to Rule 12(b)(2), Global contended that Plaintiffs failed to assert a proper basis of personal jurisdiction to subject Global to jurisdiction in Delaware. Global maintained it merely engaged independent contractors in Delaware. Global's essential argument was that, because it is neither incorporated in Delaware, nor has its principal place of business in Delaware, the Superior Court lacked personal jurisdiction over Global. This Court denied the motion to dismiss, and held that while the Court lacked

2

general personal jurisdiction over Global, Global was still subject to specific personal jurisdiction.[1]

3. In its second motion to dismiss pursuant to Rule 12(b)(6) (the subject of KGL's Motion to Strike) Global contends Plaintiff failed to set forth specific facts that could establish a negligence cause of action.[2] Global asserts there was no contractual relationship between itself and the Plaintiffs and/or KGL. Absent any evidence of a special relationship, Global contends it owed no duty to Plaintiffs or KGL. Global asserts that while a contract existed between itself and Keybank, the contract did not confer any benefits or rights to Plaintiffs, KGL, or any other third-party.

4. KGL now seeks to strike Global's second motion to dismiss. KGL argues that Global was required to file an answer to the complaint in January 2018, not another motion to dismiss. KGL argues that Rule 12(g) prevents a second or subsequent Rule 12(b) motion unless the motion meets certain exceptions provided by Rule 12(h).[3] Under Rule 12(h)(2), a subsequent motion to dismiss for failure to state a claim upon which relief can be granted may be made in any Rule 7(a) pleading, a Rule 12(c) motion for judgment on the pleadings, or at a trial on the merits.[4]

5. Global, however, asks this Court to allow its second motion to dismiss to proceed for the sake of judicial economy, and because KGL "has not demonstrated that the Court's adjudication of Global's Rule 12(b)(6) Motion at this juncture would be burdensome."[5] Global also points to *Leyse v. Bank of Am. Nat'l Ass'n*, in which the United States Court of Appeals for the Third Circuit noted that a "district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless, even if it technically violates Rule 12(g)(2)."[6]

---

[1] *Samantha Dunfee, et al. v. KGL Holdings Riverfront, LLC, et al.*, Del. Super., C.A. No. N16C-04-108, Cooch, R.J., at 4, 11 (Nov. 29, 2017) (Mem. Op.).
[2] Global's Second Mot. to Dismiss, at 1.
[3] *See* KGL's Mot. to Strike Global's Second Mot. to Dismiss, at 3–4.
[4] Super. Ct. R. Civ. Pro. 12(h)(2).
[5] Global's Resp. to KGL's Mot. to Strike, at 2.
[6] *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321 (3rd Cir. 2015).

6.   If this Court were to entertain Global's second motion to dismiss on its merits, such a decision may indeed be considered harmless error on any future appeal. However, this case is not on appeal. While possibly harmless error, such a decision would still be error.[7] Global's successive Rule 12(b)(6) motion is a violation of Rule 12(g) and Rule 12(h)(2). According to Rule 12(g), a subsequent Rule 12(b) motion to dismiss may not be filed unless it raised within the Rule 12(h)(2) exceptions: (i) in a Rule 9 Answer; (ii) in a Rule 12(c) motion; or (iii) is raised at trial.[8] In such a complex case as this instant consolidated matter, the Court believes all of the Superior Court Rules of Civil Procedure must be followed as strictly as possible.

7.   KGL suggests in its Reply that there are motions to amend complaints or amendments to complaints forthcoming.[9] If such amendments are to be filed, Global shall be permitted to file another motion to dismiss pursuant to 12(b)(6) regarding those amended complaints.[10]

Accordingly, KGL's Motion to Strike Global's Second Motion to Dismiss is **GRANTED**.


**IT IS SO ORDERED.**

_____
Richard R. Cooch, J.


cc:   Prothonotary

---

[7] "A district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless, even if it technically violates Rule 12(g)(2)." *Id.* (emphasis added).

[8] Super. Ct. R. Civ. Pro. 12(g), (h)(2).

[9] KGL's Reply Br., at 2–3.

[10] Before the filing of any further motions to dismiss, by any party, the Court and the parties should establish a deadline for motions being filed to amend pleadings. To that end, the Court requests that Mr. Nitsche and Ms. Sherlock confer with all counsel to determine if the parties can agree on a deadline date for the amendment of pleadings in all consolidated cases. Ms. Sherlock, speaking for all parties, shall advise the Court on or before November 19, 2018, of the parties' agreement on such a deadline date, which the Court believes was inadvertently overlooked by the Court and counsel in the global scheduling order dated August 20, 2018.

4